UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ABRAHAM RAMIREZ-BEJARANO,<br><br>Defendant. | Case Nos.: 14CR2965-JLS<br>16CV1731-JLS<br><br>**ORDER DISMISSING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 and DENYING CERTIFICATE OF APPEALABILITY** |

Presently before the Court is Defendant's Motion under 28 U.S.C. § 2255 (ECF No. 23). The Court has considered Defendant's motion together with the record in this case and, for the reasons set forth below, will dismiss Defendant's motion as time-barred.

**Background**

Defendant Ramirez-Bejarano pled guilty to the offense of attempted reentry of removed alien in violation of 8 U.S.C. § 1326. On January 12, 2015, Defendant was sentenced to a term of 40 months' imprisonment. ECF No. 22. Defendant's advisory sentencing guideline range calculation included a 16-level enhancement pursuant to United States Sentencing Guideline Section 2L1.2(b)(1)(A)(ii) for a previous removal

following a conviction for a "crime of violence."[1]  ECF No. 17 at 5.  Defendant filed the instant motion under 28 U.S.C. § 2255 on June 29, 2016.

## Analysis

Defendant's motion was filed more than one year after his conviction became final[2] and is therefore untimely pursuant to 28 U.S.C. § 2255(f)(1).  Defendant has not alleged or demonstrated that any of the alternative limitation periods set forth in Section 2255(f) are applicable with respect to his motion.

Defendant suggests that his motion, filed on June 30, 2016, is timely pursuant to 28 U.S.C. § 2255(f)(3)[3] in light of *Johnson v. United States*, 135 S.Ct. 2551 (2015).  In *Johnson*, the Supreme Court struck down the residual clause of the Armed Career Criminal Act ("ACCA") as unconstitutionally vague.  However, the Supreme Court has subsequently held that the Sentencing Guidelines are not subject to a void for vagueness challenge under the Due Process Clause and that *Johnson* is not applicable to the advisory Guidelines.  *Beckles v. United States*, 137 S.Ct. 886 (2017).  Therefore, *Johnson* is not applicable in this case and thus cannot serve to extend the limitations period under 28 U.S.C. § 2255(f)(3).

## Conclusion

The Court finds Defendant's motion to be time-barred under 28 U.S.C. §2255(f).  Accordingly, Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is DISMISSED.  Additionally, the Court DENIES Defendant a certificate of appealability, as Defendant has not made a

---

[1]  This enhancement was based on a 2010 conviction for robbery in violation of California Penal Code Section 211.  Presentence Report, ECF No. 17 at 8.

[2]  Defendant was sentenced on January 12, 2015 and he filed no notice of appeal.  Thus, his conviction became final 14 days later.  *See United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001) (recognizing that statute of limitations for § 2255 motion began to run upon the expiration of the time during which the defendant could have sought review by direct appeal).

[3]  28 U.S.C. § 2255(f)(3) proscribes a one year period of limitation from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

substantial showing that he has been denied a constitutional right.  See 28 U.S.C. § 2253(c)(2) (providing that a certificate shall issue "only if the applicant has made a substantial showing of a denial of a constitutional right").  The Clerk's Office shall enter judgment accordingly.

IT IS SO ORDERED.

Dated:  September 20, 2018

Hon. Janis L. Sammartino
United States District Judge